IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JASON BOOTH, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )  Civil Case No.: |
| | ) |
| H & M CONSTRUCTION | ) |
| COMPANY, LLC, | ) |
| | )  **JURY DEMANDED** |
|    Defendant. | ) |

## COMPLAINT

**COMES NOW** Plaintiff, Jason Booth ("Plaintiff" or "Booth"), by and through his undersigned counsel of record, and files this Complaint against H & M Construction Company, LLC. ("Defendant" or "H & M"). As grounds for this Complaint, Plaintiff states the following:

## JURISDICTION AND VENUE

1. This is a suit authorized and brought to secure the protection of and to redress the deprivation of rights secured by the Americans with Disabilities Act of 1990, as amended, codified at 42 U.S.C. §12101 et seq. (the "ADA").

2. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and § 1343.

3. The unlawful employment practices described herein were committed in Marengo County, Alabama; as such, venue lies in the United States District Court

for the Southern District of Alabama, Northern Division, pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Booth is a citizen of the United States of America, who currently resides in Monroe County, Alabama.

5. Booth is over the age of nineteen (19) years.

6. Defendant is an employer, in the State of Alabama, within the meaning of 42 U.S.C. § 12111(5) in that it engages in an industry affecting commerce and employed fifteen (15) or more employees for the requisite duration under the ADA.

7. During all times relevant to this Complaint, Defendant conducted business throughout Alabama, with a physical location in Marengo County, Alabama, with an address of 2660 Hwy 43 South, Demopolis, AL 36732.

8. Defendant was Booth's employer during all times relevant to this Complaint.

## ADMINISTRATIVE EXHAUSTION

9. Booth filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), and the EEOC received it on February 14, 2022. Charge No. 420-2022-01125 (the "Charge") alleged that Booth was subjected to discrimination based on his disability, in violation of the ADA. (See **Exhibit A**).

10. The EEOC issued a Dismissal and Notice of Rights (the "RTS") for the Charge on September 23, 2022. (See **Exhibit B**).

11. This Complaint is filed within ninety (90) days of Booth's receipt of the RTS.

12. Booth has thus exhausted all administrative remedies available prior to filing this Complaint.

## FACTS

13. Booth is a disabled Veteran.

14. Booth suffers from post-traumatic stress disorder ("PTSD") and Anxiety (collectively, "Health Conditions").

15. Booth's Health Conditions are qualifying disabilities under the ADA.

16. Booth was and is qualified to perform the essential job duties of his then existing position at H & M.

17. Defendant hired Booth on or about September 21, 2021, to work as a Shift Worker.

18. Booth's job duties included operating a front-end loader and dump truck at a job site designated by Defendant.

19. Booth noted on the "Emergency Medical Awareness Form" provided by Defendant at time of hire that he suffers from PTSD stemming from his military service.

20. At the beginning of his employment, Booth also directly notified his supervisor, Greg Low ("Low") of his Health Conditions.

21. On October 6, 2021, Booth suffered an anxiety attack while driving to work.

22. As such, Booth was forced to immediately present to a primary care doctor.

23. Thus, Booth was unable to report to work that day.

24. Booth notified Low of his anxiety attack as soon as he was able.

25. On October 7, 2021, Low informed Booth via text message, "You will need a release from a doctor before you can come back to work."

26. Booth received a "Return to Work" release on October 7, 2021, from his doctor stating that he "is stable to return to work on 10/8/21."

27. The following day, on October 8, 2021, Booth presented at work.

28. Upon arrival, on October 8, 2021, Low immediately terminated Booth without warning or explanation.

29. Booth informed Low that the termination was wrongful and that he was going to report it to Human Resources ("HR").

30. Low replied, "You veterans just want to use PTSD as an excuse not to come to work and get medicated."

31. Immediately thereafter, Booth contacted Brandy Scarbrough ("Scarbrough") in the Human Resources Department regarding his termination and Low's actions.

32. Scarbrough directed Booth to Defendant's "Red Flag" reporting system to submit a complaint.

33. Booth submitted a formal written complaint through the Red Flag Reporting system on October 8, 2021, at 9:35am asserting that he had been "wrongfully terminated" by his supervisor, "Greg."

34. On or about October 20, 2021, Booth received an undated termination letter from Scarbrough asserting six (6) "reasons" in support of his termination.

35. Booth received no prior warning or counseling from Defendant regarding any of the six (6) "reasons" noted in the letter prior to the termination of his employment.

36. Booth received no written or verbal warnings before he was terminated.

37. Defendant's actions in terminating Booth resulted in significant financial and emotional harm to Booth.

## COUNT I- DISABILITY DISCRIMINATION UNDER THE ADA

38. Booth suffers from post-traumatic stress disorder ("PTSD") and Anxiety (collectively, "Health Conditions").

39. Booth's Health Conditions are qualifying disabilities under the ADA.

5

40. Booth was and is qualified to perform the essential job duties of his then existing position at H & M.

41. Defendant hired Booth on or about September 21, 2021, to work as a Shift Worker.

42. Booth noted on the "Emergency Medical Awareness Form" provided by Defendant at time of hire that he suffers from PTSD stemming from his military service.

43. At the beginning of his employment, Booth also directly notified his supervisor, Greg Low ("Low") of his Health Conditions.

44. On October 6, 2021, Booth suffered an anxiety attack while driving to work.

45. As such, Booth was forced to immediately present to a primary care doctor.

46. Thus, Booth was unable to report to work that day.

47. Booth notified Low of his anxiety attack as soon as he was able.

48. On October 7, 2021, Low informed Booth via text message, "You will need a release from a doctor before you can come back to work."

49. Booth received a "Return to Work" release on October 7, 2021, from his doctor stating that he "is stable to return to work on 10/8/21."

50. The following day, on October 8, 2021, Booth presented at work.

51. Upon arrival, on October 8, 2021, Low immediately terminated Booth without warning or explanation.

52. Booth informed Low that the termination was wrongful and that he was going to report it to Human Resources ("HR").

53. Low replied, "You veterans just want to use PTSD as an excuse not to come to work and get medicated."

54. Immediately thereafter, Booth contacted Brandy Scarbrough ("Scarbrough") in the Human Resources Department regarding his termination and Low's actions.

55. Scarbrough directed Booth to Defendant's "Red Flag" reporting system to submit a complaint.

56. Booth submitted a formal written complaint through the Red Flag Reporting system on October 8, 2021, at 9:35am asserting that he had been "wrongfully terminated" by his supervisor, "Greg."

57. On or about October 20, 2021, Booth received an undated termination letter from Scarbrough asserting six (6) "reasons" in support of his termination.

58. Booth received no prior warning or counseling from Defendant regarding any of the six (6) "reasons" noted in the letter prior to the termination of his employment.

59. Booth received no written or verbal warnings before he was terminated.

60.     Defendant's actions in terminating Booth resulted in significant financial and emotional harm to Booth.

**WHEREFORE,** Plaintiff respectfully requests this Court grant to Plaintiff the following:

A.  Back pay for lost income and any other compensatory damages;

B.  Reinstatement or front pay if the Court determines reinstatement is impractical;

C.  Liquidated damages equal to the amount of back pay;

D.  Punitive damages;

E.  A reasonable attorneys' fee;

F.  Plaintiff's costs and expenses;

G.  Interest on all monies owed; and

H.  Any and all other relief the Court deems just and appropriate.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.**

Respectfully submitted on this the 21 day of December 2022.

Respectfully submitted,

/s/ *Meagan M. Corcoran*
Meagan M. Corcoran (ASB-4976-D34B)
Anthony D. Michel (ASB-6809-064M)
*Attorneys for Plaintiff*

8

**Michel | King**
505 20th Street North, Suite 1650
Birmingham, Alabama 35203
Telephone: (205) 980-5700
Facsimile:  (205) 994-2819
Anthony@wmalabamalaw.com


**DEFENDANT WILL BE SERVED VIA PROCESS SERVER AT THE FOLLOWING ADDRESS:**

    H & M Construction Company, LLC
    c/o Shawn Hall
    2660 AL HWY 43 South
    Demopolis, AL 36732

                                          /s/ *Meagan M. Corcoran*
                                          Meagan M. Corcoran